PER CURIAM.
This appeal follows the revocation of defendant’s probation and involves the au *896 thority of a trial court to suspend the imposition as well as execution of sentence in felony and misdemeanor cases. La.C.Cr.P. Arts. 893 and 894. On January 31, 1977, defendant entered pleas of guilty to unrelated charges of unauthorized use of a movable, R.S. 14:68, a misdemeanor, and simple burglary, La.R.S. 14:62, a felony offense. On May 3, 1977, the trial court suspended the imposition of sentence in both cases and placed defendant in each case on active probation for a period of five years under similar conditions: that defendant not commit another crime of theft or violence. On February 4, 1980, the trial court revoked defendant’s probation on the basis of a recent conviction for armed robbery. La. R.S. 14:64. Accordingly, the trial court sentenced defendant to six months’ imprisonment in the parish jail for the offense of unauthorized use of a movable, and nine years at hard labor for the simple burglary charge, maximum terms for the offenses at that time. The trial court ran these sentences consecutively with each other, and with any other sentence imposed. Defendant has now appealed * his convictions and sentences to this Court, urging a single assignment of error filed below, a challenge to the penalties imposed as excessive. We agree with counsel that defendant’s total sentence is excessive, but only to the extent that the trial court could not, some three years after deferring the proceedings, impose any sentence on the misdemeanor conviction.
The trial court sought to suspend the imposition of sentence for the offense of unauthorized use of a movable under authority of La.C.Cr.P. Art. 894(A). That article provides in pertinent part:
“When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole, or any part of the sentence imposed and place the defendant on unsupervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of one year or such shorter period as the court may specify.” [Emphasis supplied].
Although lawful in a felony case such as simply burglary, La.C.Cr.P. Art. 893, the five-year probationary period imposed by the trial court for the misdemean- or offense exceeded its authority under Art. 894(A). In addition, defendant’s revocation in February, 1980, clearly did not take place within the one-year limit established by Art. 894(A). As the maximum lawful period of probation had run before defendant’s revocation, the trial court lacked any basis for imposing sentence on the misdemeanor offense. Cf. La.C.Cr.P. Art. 898.
Accordingly, we affirm defendant’s convictions and his sentence to nine years’ imprisonment at hard labor for the simple burglary offense. The sentence for the unauthorized use of a movable, however, is vacated and set aside.

 We have held that a defendant has no right of appeal from the revocation of probation. State v. Manuel 349 So.2d 882 (La. 1977). In this case, however, the trial court did not impose the sentences challenged here until after it revoked defendant’s probation. In addition, defendant does not dispute the merits of the underlying revocation proceeding. For these reasons, we have therefore treated defendant’s complaint here as an appeal rather than an application for supervisory writs.