593 So.2d 1259 (1992)
STATE of Louisiana
v.
Henry CORKERN.
No. 91-K-1853.
Supreme Court of Louisiana.
January 31, 1992.
Marion B. Farmer, Covington, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Walter Philip Reed, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., for plaintiff-respondent.
PER CURIAM.
The defendant was convicted by a jury on one count charging the illegal possession of numerous items stolen from his former employer, Martin Marietta, at its aerospace facility. La.R.S. 14:69. The trial court sentenced him to two years at hard labor, suspended, and placed him on five years' supervised probation. On appeal, the First Circuit affirmed the defendant's conviction and sentence in an unpublished opinion, with Covington, C.J., dissenting on *1260 the question of whether the state proved that defendant had taken possession of any property in fact stolen from Martin Marietta. State v. Corkern, 583 So.2d 1243 (La. App. 1st Cir.1991). We granted the defendant application for review to consider that same question, 589 So.2d 484 (La.1991), and now reverse.
To convict the defendant of illegal possession of stolen things, the state had to prove that he intentionally possessed, procured, received, or concealed "anything of value which has been the subject of a robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses." La. R.S. 14:69. "The very name of the crime `receiving stolen things,' invokes an express requirement that the things must be `stolen' at the time they are received in order for the conduct to be illegal." State v. Nguyen, 367 So.2d 342, 345 (La.1979); See also, State v. Warren, 538 So.2d 1036 (La.App. 4th Cir.1989).
Only one item found in defendant's possession had an identifying number or logo indicating that it had been in Martin Marietta's inventory at any time. In 1983, when Martin Marietta took over the NASA facility from the previous contractor, the company inherited ten chainsaws, each marked with the same identifying NASA stock number for inventory purposes. That number was still legible when the police found one of the saws in defendant's home five years later.
It was clear from the testimony of two employees from Martin Marietta, Richard Hughes, a security investigator, and Emmett Gaylan, an equipment specialist, that the company could not account for the whereabouts of the saw at any point during that five-year period of time. According to Hughes, the company did not report the saw missing to the police because it lost so much equipment each year that it was difficult, if not impossible, to determine when any one item was missing or to account for what left the premises lawfully and what did not. Gaylan conceded that the company refurbished equipment such as chain saws from time to time and transferred it as surplus to other government agencies. The company also conducted auctions of its equipment at its facility. When asked by counsel whether Martin Marietta had made an effort to trace the chain saw and "determine if this item was on the auction list when you had an auction...," Gaylan replied, "No, sir."
The jury clearly disbelieved the defendant's testimony that the saw found at his home belonged to someone else. The due process standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), prohibits a reviewing court from substituting its own appreciation of that evidence for that of the jury. State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983). The state still had the affirmative burden, however, of proving that the saw was stolen at the time it came into the defendant's possession. See State v. Savoy, 418 So.2d 547, 551 (La.1982) ("... even the total destruction of [the defendant's] credibility does not entail the creation of affirmative, substantive evidence which weighs on the side of the state.") [emphasis in the original]. The state's evidence in this case did no more than invite the jurors to speculate on the probabilities that at some point during that five years the chain saw may have been stolen from Martin Marietta, or retired, refurbished and sent to another agency which may have disposed of it, or that the aerospace company sold it at one of its auctions conducted at the facility. Under these circumstances, reasonable jurors would necessarily entertain a reasonable doubt as to the circumstances under which the chainsaw left the company's premises. See State v. Lubrano, 563 So.2d 847 (La.1990); State v. Mussall, 523 So.2d 1305 (La.1988).
Accordingly, the defendant's conviction and sentence are reversed and he is ordered discharged from state supervision.