STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1476

STATE OF LOUISIANA

VERSUS

CHAD MICHAEL COURVILLIER

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-668
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

************

JUDGE
J. DAVID PAINTER

************

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

APPEAL DISMISSED. DEFENDANT/APPELLANT
IS PERMITTED TO FILE AN APPLICATION
FOR SUPERVISORY WRITS WITHIN THIRTY
DAYS FROM THE DATE OF THIS DECISION.
APPELLATE COUNSEL'S MOTION TO
WITHDRAW IS MOOT.

Jennifer Reasoner
District Attorney - 16th JDC
300 Iberia Street
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
        State of Louisiana

Annette Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR APPELLANT:
        Chad Michael Courvillier

**Painter, Judge.**

The Defendant was charged by bill of information with driving while intoxicated (DWI), third offense, a violation of La.R.S. 14:98, and careless operation of a motor vehicle, a violation of La.R.S. 32.58. The Defendant pled guilty to the charges on April 27, 2010. Sentencing was deferred; he was placed on five years of supervised probation. Following a revocation hearing held on July 27, 2011, the Defendant's probation was revoked, and he was sentenced to five years at labor for DWI, third offense, and thirty days in the parish jail for careless operation of a motor vehicle, to run concurrently with his DWI sentence.

An appeal in this matter was lodged in this court on November 30, 2011. A rule to show cause was issued on December 5, 2011, ordering the Defendant to show cause, on or before December 27, 2011, why the appeal should be not dismissed as the judgment at issue, probation revocation, is not an appealable judgment.

A response brief filed on behalf of the Defendant was received in this court on December 22, 2011. In his brief, the Defendant concedes that a probation revocation is not an appealable judgment. The Defendant then refers this court to its recent decision, *State v. Scarborough*, an unpublished opinion bearing docket number 11-973 (La.App. 3 Cir. 12/7/11), wherein the defendant pled guilty, was sentenced to five years at hard labor, suspended, and was placed on five years of supervised probation. Following his probation revocation, the defendant filed a motion for appeal which was subsequently construed as a notice of intent to seek a supervisory writ, and he was permitted to file a supervisory writ within thirty days from the date of the decision. Likewise, to the extent the Defendant's appeal seeks review of his probation revocation in the instant case, he requests that his motion for an appeal be considered as a notice of his intent to seek writs and he be given thirty days within which to file a writ of review.

1

Additionally, with regard to appellate review of his sentences, the Defendant maintains his case is distinguishable from *Scarborough* in that the imposition of his sentences was deferred pursuant to La.Code Crim.P. arts. 893 and 894; he was sentenced for the first time after his probation was revoked. *See State v. Johnson*, 390 So.2d 895 (La.1980). As such the Defendant asserts that appellate review of his sentences is proper.

A review of the record reflects that on April 27, 2010, following the Defendant's guilty plea to DWI, third offense, and to careless operation of a motor vehicle, the trial court deferred sentencing in accordance with La.Code Crim.P. arts. 893 and 894 and placed him on five years of supervised probation. Following the revocation of his probation on July 27, 2011, the Defendant was sentenced to five years at hard labor for DWI, third offense, and to thirty days in the parish jail for careless operation of a motor vehicle, to run concurrently with his DWI sentence. He was also given credit for time served and for all sanctions. Considering same, we find that the Defendant's sentence for DWI, third offense, is reviewable on appeal. However, the proper mode of review for his sentence for careless operation of a motor vehicle is supervisory writ application.

The minutes in the record reflect, however, that on August 29, 2011, the Defendant orally motioned the lower court to appeal his revocation hearing only. He made no mention of his sentences. Accordingly, we find that the Defendant did not seek appellate review of his sentences; however, the Defendant is entitled to supervisory review of his probation revocation. If Defendant seeks to appeal his sentence for DWI, third offense, he may seek reinstatement of his right to appeal by filing an application for post-conviction relief requesting an out-of-time appeal. La.Code Crim.P. art. 930.8.

Further, appellate counsel's motion to withdraw as counsel of record for the purpose of the probation revocation writ of review is moot.

2

## DECREE

The Defendant's appeal of his probation revocation is dismissed. The Defendant's motion for an appeal, however, is construed as notice of his intent to seek supervisory review as to the probation revocation, and he is permitted to file same within thirty days from the date of this decision. Further, appellate counsel's motion to withdraw as counsel of record for the purpose of the probation revocation writ of review is denied as moot.