# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-803

**STATE OF LOUISIANA**

**VERSUS**

**LAMANTRAES WILLIAMS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 77987
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

**Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, LA   70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lamantraes Williams**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**First Assistant District Attorney**
**Post Office Box 1188**
**Leesville, LA   71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**AMY, Judge.**

The defendant pled guilty to illegal possession of stolen property valued in excess of $500, and the trial court placed the defendant on probation and suspended the imposition of sentence pursuant to La.Code Crim.P. art. 893. The defendant's probation was subsequently revoked and the suspension of imposition of sentence pursuant to La.Code Crim.P. art. 893 withdrawn. For the defendant's original conviction for illegal possession of stolen things valued in excess of $500, the trial court sentenced the defendant to seven years at hard labor with credit for time served, and a fine of $1,000 plus court costs. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

In connection with the burglary of a hair salon in August 2009, the defendant, Lamantraes Williams, was charged with simple burglary, a violation of La.R.S. 14:62; theft valued in excess of $500, a violation of La.R.S. 14:67; and illegal possession of stolen things valued in excess of $500, a violation of La.R.S. 14:69(A) and (B)(1).[1] The defendant subsequently pled guilty to the charge of illegal possession of stolen things valued in excess of $500, and the State dismissed the burglary and theft charges.

On the basis that the defendant had a "clean record," the trial court deferred the imposition of sentence pursuant to La.Code Crim.P. art. 893 and placed the defendant on supervised probation for a term of five years. The trial court also imposed the following special conditions: that the defendant comply with the conditions of probation contained in La.Code Crim.P. art. 895(A); that the

_____

[1] The offenses herein occurred in 2009. In 2010, the legislature amended La.R.S. 14:67 and La.R.S. 14:69 to change the valuation for each grade of those offenses. *See* 2010 La. Acts 585. Accordingly, we reference the valuation as contained in the 2009 version of the statutes.

defendant pay a fine of $1,000 plus court costs; that the defendant make restitution to the victims of his crime in the amount of $200 apiece; that the defendant pay $200 to the Indigent Defender Fund; that the defendant pay $55 per month in supervision fees or, alternatively, complete eight hours a month of public service; that the defendant maintain gainful employment; and that the defendant obtain his GED.

The record reflects that the State thereafter sought to revoke the defendant's probation in 2012, 2013, and 2015. According to the record, the 2012 probation violation hearing was continued without date. In February 2014, the defendant was found in technical violation of his probation and ordered to serve ninety days at the Steven Hoyle Treatment Facility. After a hearing in April 2015, the trial court revoked the defendant's probation and withdrew the suspension of imposition of sentence pursuant to La.Code Crim.P. art. 893.

The trial court subsequently sentenced the defendant for his original conviction for illegal possession of stolen things valued in excess of $500, a violation of La.R.S. 14:69(A) and (B)(1). The trial court imposed a sentence of seven years at hard labor, with credit for time served, and a fine of $1,000 plus court costs.

The defendant appeals, asserting as error that:

> 1. The trial court erred in imposing an excessive seven (7) year hard labor sentence for a young first offender who pled guilty to illegal possession of a stolen television.

> 2. The trial court failed to articulate sufficient reasons to support a seven (7) year hard labor sentence in this case and has failed to comply with Article 894.1 in sentencing this young offender.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent. An error patent is one "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). Our review of the record reveals no such errors.

*Sentencing*

The defendant's assignments of error both concern his sentence.

As an initial matter, we note that a probation revocation is not an appealable judgment. *See* La.Code Crim.P. art. 912; *State v. Johnson*, 06-942 (La.App. 3 Cir. 9/13/06), 938 So.2d 804. However, the imposition of sentence for the defendant's underlying conviction was suspended pursuant to La.Code Crim.P. art. 893, and the defendant was placed on a term of supervised probation. Sentence was not imposed until after the defendant's probation was revoked. The defendant is not contesting the merits of his probation revocation, but assigns error as to his newly-imposed sentence. The supreme court has previously treated that situation as an appeal, rather than an application for supervisory writs. *See State v. Johnson*, 390 So.2d 895 (La.1980).

The defendant asserts that the trial court failed to adequately consider the sentencing factors contained in La.Code Crim.P. art. 894.1. Before addressing the defendant's argument with regard to this issue, we note that La.Code Crim.P. art. 881.1(E) addresses motions to reconsider sentence and provides that "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to

3

the sentence or from urging any ground not raised in the motion on appeal or review." Where a defendant files a motion to reconsider sentence but does not raise a specific issue therein, such as the trial court's failure to consider the Article 894.1 factors, that issue is not properly before the appellate court for review. *State v. Weldon*, 13-285 (La.App. 3 Cir. 10/23/13), 161 So.3d 18. However, in the interest of justice, the appellate court may review the defendant's sentence for bare excessiveness. *State v. Hebert*, 08-542 (La.App. 3 Cir. 11/5/08), 996 So.2d 688.

Our review of the record reveals that the defendant timely filed a Motion to Reconsider Sentence and for New Trial. However, the defendant asserted two bases therein in support of his motion to reconsider. First, the defendant asserted that "the sentence imposed herein is unconstitutional and illegal giving [sic] the fact that the pre-sentence investigation that was used by the Court was from 2010 and, therefore, provided stale information regarding the current situation of the defendant at the time said sentence was imposed." The defendant also contended that the bill of information was "drawn incorrectly." Accordingly, even though the defendant did not assert in his motion to reconsider sentence that his sentence was unconstitutionally excessive or that the trial court failed to properly consider the Article 894.1 factors, this court will review the defendant's sentence for bare excessiveness. *See Hebert*, 996 So.2d 688.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746

4

So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. This court further discussed the appellate court's consideration of those issues in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, stating that:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

Additionally, the trial court has great discretion in imposing even the maximum sentence where a defendant has "pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain[.]" *State v. Herbert*, 12-228, p. 6 (La.App. 3 Cir. 6/13/12), 94 So.3d 916, 920 (quoting *State v. Falcon*, 44,829 (La.App. 2 Cir. 10/28/09), 26 So.3d 172), *writ denied*, 12-1641 (La. 2/8/13), 108 So.3d 78. The trial court may also consider not only a defendant's previous convictions, but all previous criminal activity. *State v. Allen*, 45,040 (La.App. 2 Cir. 1/27/10), 30 So.3d 1049.

5

The defendant pled guilty to illegal possession of stolen things valued in excess of $500, a violation of La.R.S. 14:69(A) and (B)(1). In 2009, when the offense occurred, the penalty provisions of La.R.S. 14:69(B)(1) provided that "[w]hoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both."[2] The trial court imposed a sentence of seven years at hard labor, with credit for time served, and fine of $1,000 plus court costs.

The record indicates that the defendant was initially charged with simple burglary, a violation of La.R.S 14:62; theft valued in excess of $500, a violation of La.R.S. 14:67; and illegal possession of stolen things valued in excess of $500, a violation of La.R.S. 14:69(A) and (B)(1). Simple burglary carries a penalty of not more than twelve years imprisonment, with or without hard labor, a fine of not more than two thousand dollars, or both. La.R.S. 14:62. At the time of the offense,[3] theft valued in excess of $500 carried a penalty of not more than ten years, with or without hard labor, a fine of not more than three thousand dollars, or both. La.R.S. 14:67(B)(1). Thus, the defendant received the benefit of reduced sentencing exposure due to his plea bargain.

_____

[2] In 2010, the legislature amended La.R.S. 14:69 to increase the value of the stolen things for each grade as follows: for La.R.S. 14:69(B)(1), from five hundred dollars or more to one thousand five hundred dollars or more; for La.R.S. 14:69(B)(2), from three hundred dollars or more but less than five hundred dollars to five hundred dollars or more but less than one thousand five hundred dollars; and for La.R.S. 14:69(B)(3), from less than three hundred dollars to less than five hundred dollars. 2010 La. Acts 585. The defendant concedes in brief that the 2009 version of the statute is applicable herein, but contends that his sentencing exposure would be reduced to a maximum of five years under the current version of the statute. The defendant argues that this mitigates in favor of a reduced sentence.

[3] Louisiana Revised Statutes 14:67(B)(1) was also amended by 2010 La. Acts 585 to increase the value of the misappropriated items from five hundred dollars or more to one thousand five hundred dollars or more.

Further, although the defendant was a youthful first-felony offender at the time of his guilty plea, when the suspension of the imposition of sentence pursuant to La.Code Crim.P. art. 893 was withdrawn, the trial court had an additional five years of the defendant's conduct to consider in imposing sentence. The record reflects that the defendant failed to comply with almost every aspect of his probation. Most notably, the defendant was previously found to be in technical violation of his probation and was ordered to serve ninety days at the Steven Hoyle Treatment Facility. Additionally, at the probation revocation hearing, there was evidence that the defendant had made no efforts towards restitution, failed to report to his probation officer, tested positive on several occasions for illegal drugs, and had in his possession a cache of dangerous weapons. The testimony at that hearing also reflects that the defendant had been charged with possession of synthetic marijuana and that those charges were pending at the time of the probation revocation.

Further, our review indicates that the defendant's sentence is comparable to those imposed in similar cases, albeit on the higher end of that range. In *State v. Randle*, 02-309, 02-310 (La.App. 3 Cir. 10/2/02), 827 So.2d 657, the defendant, a first felony offender, pled guilty to possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1), and felony-grade illegal possession of stolen things, a violation of La.R.S. 14:69. The trial court sentenced the defendant to ten years at hard labor, with six years suspended, for the possession of marijuana conviction, and five years at hard labor, with one year suspended, on the illegal possession of stolen things conviction, to run concurrently, and with five years of supervised probation upon his release. This court found that the defendant's sentences were indeterminate because it was not clear whether the

7

term of probation applied to his sentence for possession of marijuana or illegal possession of stolen things, or both. However, the court considered whether the defendant's sentence was excessive. Noting that the defendant had received a significant benefit thanks to a plea bargain and that the trial court had expressed concerns that the defendant had committed another crime while awaiting sentencing, this court found that the trial court did not abuse its discretion in imposing the defendant's sentence. *Id.*

In *State v. Short*, 00-866 (La.App. 5 Cir. 10/18/00), 769 So.2d 823, *writ denied*, 00-3271 (La. 8/24/01), 795 So.2d 336, an eviction was served on the defendant's apartment and, upon entering the apartment, law enforcement officers found multiple items which had been reported as stolen, several guns, and what appeared to be marijuana. The defendant was charged with multiple counts of looting and illegal possession of stolen things, violations of La.R.S. 14:62.5 and La.R.S. 14:69, as well as possession of a firearm while in possession of controlled dangerous substance, a violation of La.R.S. 14:95(E). A jury found the defendant guilty of two counts of illegal possession of stolen things valued in excess of $500, one count of illegal possession of stolen things valued in excess of $100 but less than $500, and possession of a firearm while in possession of a controlled dangerous substance. The trial court imposed sentence of eight years at hard labor and a fine of $2,000 for the two convictions for illegal possession of stolen things in excess of $500 and two years for the defendant's conviction for illegal possession of stolen things valued in excess of $100 but less than $500, to run concurrently. For the defendant's possession of a firearm while in possession of a controlled dangerous substance, the trial court sentenced the defendant to ten years at hard labor, to be served consecutively to the illegal possession of stolen things

sentences and to be served without the benefit of probation, parole, or suspension of sentence. *Id.*

In short, the fifth circuit found that there was insufficient evidence to support the defendant's conviction of illegal possession of stolen things valued in excess of $100 but less than $500 and vacated that conviction. *Short*, 769 So.2d 823. With regard to the defendant's remaining sentences, the fifth circuit found that the defendant's sentences were not excessive in light of the defendant's "extensive" juvenile record and the fact that the defendant was determined to be the leader of the criminal activity. *Id.* at 832. *See also State v. Holiday*, 598 So.2d 524, 531 (La.App. 1 Cir.), *writ denied*, 600 So.2d 659 (La.1992) (finding maximum ten-year sentence for illegal possession of stolen things not excessive in light of defendant's lengthy "rap sheet"). *Compare with State v. Smith*, 473 So.2d 366, 372 (La.App. 5 Cir. 1985) (finding five-year sentence for illegal possession of stolen things excessive where the defendant was a forty-three-year-old first offender, the crime was nonviolent and the defendant had been heavily involved in "civic and community endeavors").

The defendant's seven-year hard labor sentence and fine places it at the higher end of comparable sentences, especially for a first felony offender. However, in light of the defendant's failure to comply with the terms of his probation and pending charge for possession of synthetic marijuana, we cannot say that the trial court abused its discretion in imposing this sentence, or that it is "so grossly disproportionate to the severity of the crime as to shock our sense of justice[.]" *Barling*, 779 So.2d at 1042.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the sentence of the defendant, Lamantraes Williams, for illegal possession of stolen things valued in excess of $500.

**AFFIRMED.**