# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1148

STATE OF LOUISIANA

VERSUS

CURTIS R. PITTS, III

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 06-1778
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

**AFFIRMED.**

J. Phillip Haney
District Attorney
Jeffrey J. Trosclair
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, LA   70560
(337) 828-4100
COUNSEL FOR APPELLEE:
        State of Louisiana

Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, LA   70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
        Curtis R. Pitts, III

AMY, Judge.

The defendant pled guilty to illegal possession of stolen things over $500.00 in relation to stolen barges. In making the plea, he agreed to be cooperative during the investigation of other suspects connected to the same crime. The trial court sentenced the defendant to serve nine years at hard labor. He appeals, asserting that his sentence is excessive. For the following reasons, we affirm his sentence.

**Factual and Procedural Background**

On October 10, 2006, the defendant, Curtis R. Pitts, III, was charged by bill of information with possession of stolen things over $500.00, a violation of La.R.S. 14:69(B)(1). This charge was made in connection with the State's allegation that the defendant stole oilfield barges from a fleeting area in Harvey, Louisiana. The investigating authority, Deputy Shane Landry, stated in his narrative that one barge, whose rightful owner was [McDonough] Marine, was later located at the Port of Iberia. Johnny Estis, the owner of the property where the barge was found, informed the authorities that the defendant sold him the barge, in addition to a second barge. The deputy's narrative reveals that the checks used to purchase the barges were made out to the defendant and bore the defendant's signature and thumb print. Originally, the defendant entered a plea of not guilty. On July 24, 2007, he withdrew his plea of not guilty and entered a guilty plea. The defendant, as part of the plea, agreed to work with the authorities during their investigation of the theft (to implicate another suspect), and the State agreed to not charge the defendant as a habitual offender.

The trial court ordered that a certified criminal history be produced. On December 11, 2007, it sentenced the defendant to serve nine years at hard labor. The defendant filed a motion to reconsider sentence. Following a contradictory hearing,

the motion was denied. The defendant appeals his sentence, asserting that his sentence is excessive.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920[1], all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Louisiana Revised Statutes 14:69 provides, in pertinent part:

---

[1] Louisiana Code of Criminal Procedure Article 920 provides:

**Art. 920. Scope of appellate review**

The following matters and no others shall be considered on appeal:

(1) An error designated in the assignment of errors; and

(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.

B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

On appeal, the defendant urges that a nine-year sentence is excessive, particularly in light of the fact that he was willing to cooperate with the authorities in investigating others' involvement in the crime. He argues that he furnished to the investigating authorities the name and phone number of James Gary Howell, a suspect in the theft of the barges. Consequently, the police issued an arrest warrant which was later recalled for lack of evidentiary support. Further, he points to the assistant district attorney's letter submitted at the sentencing hearing, wherein a suspension of sentence was recommended on the condition that the defendant continue to cooperate with the investigation. The defendant points out that the recommendation was adopted by the new district attorney upon the retirement of the previous attorney.

The trial court took into consideration the defendant's willingness to work with the authorities, but it ultimately decided that the defendant's criminal history, which consisted of four previous felony convictions,[2] warranted the imposition of a nine-

---

[2] The trial court stated at the sentencing hearing:

His Criminal History, Certified Criminal History reflects that as a juvenile he was convicted or pled guilty in March of 1978, to Receiving Stolen Things and put on probation. On [sic] May of 1978, he was convicted again of Receiving Stolen Things, a motor cycle, two counts. He was committed to the Department of Corrections, sentence suspended, placed on probation.

In 1979, as an adult, he was convicted of Simple Burglary in New Orleans, received three years, suspended and three years of probation. It shows that his

3

year sentence.  At the hearing on the motion to reconsider sentence, the defendant

argued that the trial court failed to adequately consider the defendant's cooperation

in the police investigation.  The trial court stated at this hearing:

> What we've heard today in support of his motion to reconsider sentence, I suppose, is that he was willing to cooperate with the police in this case.  Well, the police officer testified that he told him the name of this other fellow, but the police never received or got from Mr. Pitts or anyone else any evidence that they could get probable cause to get a warrant from [sic] on Mr. Howell.  So I don't see how his willingness to cooperate, assuming he was willing to cooperate, has any real bearing on the case.  And the court considered those facts at the initial sentencing.  I see nothing today which would indicate that Mr. Pitts did anything that helped the police or the judicial system make cases against anyone else as a result of his arrest and conviction in this case.  And of course, I need not say that we have many, many defendants who want to help the police in order to lessen their sentence or lessen what's going to happen to them.  And that's good, and sometimes people do get convicted based upon that help.  But a willingness to help, in the opinion, of this court, with someone with a record such as Mr. Pitts does not carry a whole lot of weight, especially where there's no results obtained by law enforcement or the court system.

The defendant argues that he "should not be punished more severely because

the other parties involved were found and arrested."  (Footnote omitted).  Our review

of the record reveals that the defendant was sentenced to nine years at hard labor

---

probation was revoked on October 7, 1982.

On February 1, 1982, he was charged with Armed Robbery but it was amended to Simple Robbery.  He was sentenced to four years hard labor.

In May of 1984 in Gretna he was convicted of Simple Burglary, two years hard labor.

His fourth felony conviction was in October of 1997 in Gretna, Unauthorized Entry, two years hard labor, and this conviction is his fifth felony conviction.

I note that he also has a misdemeanor conviction in December of 1990 in Thibodeaux for DWI 1st; a misdemeanor conviction in 2002 in Thibodeaux for a DWI 2nd.

The Court considers his long and extended record back to a juvenile; two cases of receiving stolen things and of course his problems seem to be involved with burglaries and receiving stolen things and alcohol.  Since 1978 as a juvenile he's committed the crimes that I have indicated up until today.

because of his lengthy history of committing similar crimes, not because the defendant's participation in the investigation produced no results. The trial court sentenced the defendant to one year less than the maximum sentence allowed by statute and imposed no fine. Also, his guilty plea was taken in exchange for the State not charging him as a multiple offender—a benefit that allowed the defendant to avoid exposure to a much longer sentence. La.R.S.15:529.1(A).

On appeal, the defendant also contends that he has children and that he has "the training and capacity to re-enter the work force as a contributing member of society." However, in light of the aggravating factors discussed by the trial court, we find that the trial court did not abuse its discretion in imposing the nine-year sentence.

## DECREE

For the foregoing reasons, the defendant's nine-year sentence at hard labor, with credit for time served, is affirmed.

**AFFIRMED.**