MOORE, J.
 

 11 The defendant was charged with illegal possession of stolen things, possession of marijuana and possession of drug paraphernalia. Pursuant to a plea agreement, in exchange for entering a guilty plea on the first two charges, the state agreed not to prosecute the defendant on the third charge, and it agreed to not file a multiple offender bill against him. The court imposed a sentence of six years.
 
 [1]
 
 The defendant now appeals, alleging the sentence is excessive. We affirm.
 

 On November 7, 2008, a state trooper in Webster Parish traveling East in the left-hand lane on 1-20 observed a gray Honda Civic passing at a high rate of speed in the right-hand lane. The vehicle, driven by the defendant with his wife in the passenger seat, had a Texas license plate. The trooper entered a license plate check and learned that the vehicle had been reported stolen. A chase ensued, and the trooper initiated a traffic stop, ordering the defendant out of the vehicle.
 

 The defendant told the state trooper that his wife owned the vehicle. Defendant requested the wife to produce the registration of the vehicle. She opened the glove compartment, which contained a cigar box containing marijuana and contraband. She could not produce a vehicle registration. Both were arrested.
 

 Allen, a Texas resident, was charged via three separate bills of information with illegal possession of stolen things (value $500 or more), possession of marijuana, and possession of drug paraphernalia. Pursuant to |2a plea agreement, he would plead to the first two crimes, the state would
 
 nolle pros
 
 the paraphernalia charge, and the state would not charge him as a multiple offender. He was subsequently sentenced to six years at hard labor. On appeal, the lone error assigned is that the sentence is excessive.
 

 
 *1051
 
 At the sentencing hearing, the trial court reviewed Allen’s criminal history. The court noted that in 1998 Allen pled guilty to the misdemeanor crimes of evading arrest and unlawful carrying of a weapon. Later that year he pled guilty to possession of marijuana and was sentenced to 60 days in jail. Still later that year, he pled guilty to aggravated robbery in Texas and was sentenced in 1994 to serve five years.
 

 The court next reviewed Allen’s family, social, and employment history, including the fact that Allen was married and had a 9-year-old daughter. The court then noted that Allen was considered to be a 38-year-old second felony offender, and that the court had taken into consideration Allen’s criminal history, social factors, and all of the factors under La. C. Cr. P. art. 894.1. The court stated that it did not consider Allen to be a good risk for probation. Finding that any lesser sentence would take away from the seriousness of the offense, the court sentenced Allen to 6 years at hard labor. After motions to reconsider sentence were denied, Allen filed this appeal.
 

 DISCUSSION
 

 As noted above, the lone assignment of error concerns excessive sentence. Allen argues that although he had previous criminal offenses, they all occurred within approximately a four-month time period in 1993 | sand that there was no indication that Allen had any other trouble with the law except for the present offense. He argues that after graduating from high school, he served in the military for two years and was honorably discharged. After his release from prison, he has held the same employment for 10 years before losing his job in a general lay off in June of 2008. He has been married for 10 years, and has a 9-year-old daughter. He states that a lengthy prison sentence will work a considerable hardship on his wife and child, and that with only his wife’s income for support, she and the daughter most likely will find it extraordinarily difficult to make more than occasional trips to visit Allen in Louisiana. Thus, he argues that even though the trial court reviewed all the sentencing factors and imposed a sentence within the statutory limits, the sentence is excessive and is not consistent with the jurisprudence.
 

 The state asserts that Allen received a considerable benefit from the plea agreement which reduced his sentencing exposure, and the state notes that the trial court has great discretion in imposing even the maximum sentence. The state argues that the sentence imposed is well within the statutory limits and that the sentence is not excessive.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.|1983);4
 
 State v. Lathan,
 
 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.982);
 
 State v. Hampton,
 
 38,017 (La.App. 2 Cir. 1/28/04), 865 So.2d 284,
 
 writs denied,
 
 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be
 
 *1052
 
 considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App. 2 Cir. 4/22/04), 873 So.2d 747,
 
 writ denied,
 
 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392,
 
 writ denied,
 
 00-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is |sconsidered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
 

 In the instant case, Allen admits that the first prong of the test is satisfied because the trial court reviewed all the sentencing factors in arriving at a sentence within the statutory limits. Thus, the question is whether his sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App. 2 Cir. 12/13/06), 945 So.2d 267;
 
 State v. Black,
 
 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App. 2 Cir. 1/28/04), 865 So.2d 280,
 
 writ denied,
 
 |fi04-0597 (La.9/24/04), 882 So.2d 1165.
 

 In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity.
 
 State v. Boyte,
 
 42,763 (La.App. 2 Cir. 12/19/07), 973 So.2d 900,
 
 writ denied,
 
 08-0175 (La.6/20/08), 983 So.2d 1272;
 
 State v. Russell,
 
 40,526 (La.App. 2 Cir. 1/27/05), 920 So.2d 866,
 
 writ denied,
 
 06-0478 (La.9/29/06), 937 So.2d 851;
 
 State v. Jackson,
 
 612 So.2d 993 (La.App. 2 Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records.
 
 State v. Myles,
 
 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses.
 
 State v. Estes,
 
 42,093 (La.App. 2 Cir. 5/9/07), 956 So.2d 779.
 

 After reviewing the record herein, we conclude that the trial court did not abuse its great discretion in its choice of sentence for this offender. The sentence for illegal
 
 *1053
 
 possession of stolen things, when the value of the stolen things is $500 or more, is imprisonment, with or without hard labor, for not more than 10 years, or a fíne of not more than $3,000, or both. La. R.S. 14:69(B)(1). Thus, Allen received a mid-range sentence with no fine. Such a sentence is within the trial court’s great discretion where Allen was a second felony offender, even without considering the other two offenses with which he was charged or the prior misdemeanor crimes, and where Allen received some benefit from pleading guilty. The sentence does not 17constitute purposeless and needless infliction of pain and suffering. Accordingly, the defendant’s sentence is hereby affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . The record before this court does not indicate that any sentence was imposed for possession of marijuana. Accordingly, nothing in this opinion should be construed to affect the defendant's rights regarding any such sentence.