NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-799

STATE OF LOUISIANA

VERSUS

GARY WAYNE WOODS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 300,156
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese,
Judges.

**AFFIRMED.**

**James C. Downs**
**District Attorney**
**John T. Giordano**
**Assistant District Attorney**
**Ninth Judicial District Court**
**P.O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Gary Wayne Woods**

**Gary Wayne Woods**
**IN PROPER PERSON**
**Rapides Parish Detention Center-1**
**P.O. Box 1551**
**Alexandria, LA 71309**

**DECUIR, Judge.**

Defendant, Gary Wayne Woods, was charged by bill of information with possession of stolen goods having a value greater than $500.00. After a jury trial, Defendant was found guilty as charged and was sentenced to serve five years at hard labor to run consecutively to any other sentence he was serving.

Defendant has appealed, asserting three assignments of error. He contends the evidence was insufficient to support his conviction, the trial court erred in allowing the State to refresh a witness's memory with evidence not provided to defense counsel during discovery, and his sentence is excessive. On original hearing, this court reversed Defendant's conviction and sentence, finding insufficient evidence to support the conviction. See *State v. Woods*, 11-799 (La.App. 3 Cir. 2/1/12), 84 So.3d 773. The Louisiana Supreme Court disagreed. In *State v. Woods*, 12-505 (La. 6/29/12), 91 So.3d 289, the court vacated our prior decision, reinstated Defendant's conviction and sentence, and remanded for consideration of the remaining assignments of error which were pretermitted on original appeal. We now address those assignments and affirm.

As described in our original opinion, Defendant was found in possession of two laptops which had been taken from the home of Jimmy Deramus and two camcorders which had been taken from Silver Dollar Pawn Shop, a business owned by Deramus and managed by his daughter, Tammy Credeur.

In an evidentiary assignment of error, Defendant contends the trial court erred in allowing the State to refresh a witness's memory with certain business records from the pawn shop. During trial, Deramus was questioned about what he paid for the items at issue herein. When he could not recall what he paid, the State provided him with records given to police by his daughter, Credeur, to refresh his memory. Defense counsel objected on the grounds that the records constituted

hearsay, they were not provided in discovery, the records were prepared by someone else, and the foundation for "the ordinary course of business records" had not been established. The objection was overruled.

Louisiana Code of Evidence Article 612(B) provides:

In a criminal case, any writing, recording, or object may be used by a witness to refresh his memory while testifying. If a witness asserts that his memory is refreshed he must then testify from memory independent of the writing, recording, or object. If while testifying a witness uses a writing, recording, or object to refresh his memory an adverse party is entitled, subject to Paragraph C, to inspect it, to examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Louisiana Code of Evidence Article 803 provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(5) Recorded recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence and received as an exhibit but may not itself be taken into the jury room. This exception is subject to the provisions of Article 612.

Defendant first contends on appeal that had defense counsel had access to the business records prior to trial, she would have had the opportunity to establish whether they were genuine and would have had some knowledge of what Deramus allegedly paid for the items at issue. The record before us does not reveal whether the laptop and camcorder receipts were produced to defense counsel in pretrial discovery. The trial court ruled in the State's favor on this objection, and we find nothing in the record indicating the court abused its discretion. "A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *State*

*v. Cosey*, 97-2020 (La.11/28/00), 779 So.2d 675, 684." *State v. Wright*, 11-141, p. 11 (La. 12/6/11), 79 So.3d 309, 316.

Defendant further contends the trial court erred in allowing Deramus to refresh his memory by reading from the business records and not establishing their authenticity. Defendant argues these two errors entitle him to a new trial. At trial, however, defense counsel objected to the use of the laptop and camcorder receipts on the grounds that the State did not lay a foundation for the business records exception. In ruling on the objection, the trial court did not consider whether Deramus was reading from the documents while testifying, nor did the court determine whether the State failed to establish the authenticity of the documents—two issues raised by Defendant in this assignment of error. Because these specific grounds for objection were not asserted at trial, we will not review them on appeal. La.Code Evd. art. 103; La.Code Crim. P. art. 841.

In his next assignment of error, Defendant asserts the trial court erred in imposing an excessive sentence. Defendant contends his sentence constitutes the needless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. He contends his prior offenses of distribution of CDS II and possession with intent to distribute CDS II are non-violent offenses committed more than ten years prior to the current offense. Additionally, he cooperated with authorities, was gainfully employed, and was supporting his children. Further, in 2010, the legislature reduced the maximum sentence for this offense from ten years to five years.

> This court discussed the standard of review applicable to claims of excessiveness of sentence in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:
>
> > A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity

3

of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Thomas*, 10-806, p. 14 (La. 4/27/11), 63 So.3d 343, 351, *writ denied*, 11-963 (La. 10/21/11), 73 So.3d 382.

In the present case, Defendant was convicted of possession of stolen goods having a value greater than $500.00. At the time Defendant committed the offense, it was punishable by imprisonment with or without hard labor for not more than ten years or a fine of not more than $3,000.00, or both. La.R.S. 14:69(B)(1). Defendant was sentenced to five years at hard labor to run consecutively to any other sentence he was serving.

At sentencing, the 53-year-old Defendant stated he completed the twelfth grade, had been employed as a cook since his release from prison in May of 2009,

4

and supports his four children. The trial court noted Defendant was convicted of distribution of CDS II in 1995 and possession with intent to distribute CDS II in 1998. In sentencing Defendant, the court explained:

> I was going to say, you have two prior felony convictions. Both of those are the bigger drug charges so you're not entitled to probation. Looking at Article 894 of the Code of Criminal Procedure -- 894.1, I believe that you are in need of correctional treatment in a custodial environment that can be provided most effectively by your commitment to an institution. I believe that a lessor sentence would deprecate the seriousness of your crime.
>
> Aggravating factors -- I do not find any aggravating factors or any mitigating factors, uh, in this case. . . .

After being reminded by defense counsel of defendant's cooperation with police, the court then noted cooperation as a mitigating factor and further commented that the offense was committed while Defendant was on parole.

After considering the record, similar jurisprudence (i.e., *State v. Pitts*, 08-1148 (La.App. 3 Cir. 4/1/09), 6 So.3d 976; *State v. Holiday*, 598 So.2d 524 (La.App. 1 Cir.), *writ denied*, 600 So.2d 659 (La.1992), and Defendant's background, we find the trial court did not abuse its discretion by imposing a five-year sentence, as it is a midrange sentence, Defendant has two prior felony convictions, and he was on parole when he committed the instant offense.

For the above and foregoing reasons, Defendant's conviction and sentence are hereby affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.