NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-393

STATE OF LOUISIANA

VERSUS

DARYL JOSEPH SANCHEZ

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 27634-11
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED.

John Foster DeRosier
District Attorney
Carla Sue Sigler
Karen C. McLellan
Assistant District Attorneys

**14th Judicial District Court**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, Louisiana 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Daryl Joseph Sanchez**

**CONERY, Judge.**

On July 7, 2011, the Calcasieu Parish District Attorney's Office filed a bill of information in the Fourteenth Judicial District Court charging Defendant, Daryl Joseph Sanchez, with one count of theft of a motor vehicle, in violation of La.R.S. 14:67.26, and with one count of illegally possessing stolen things worth more than $500, in violation of La.R.S. 14:69(B)(1).

Defendant had been separately charged in docket number 1648-12 by a grand jury indictment with aggravated rape in violation of La.R.S. 14:42.

On September 25, 2012, Defendant entered into a plea agreement with the State in docket number 1648-12 amending the aggravated rape charge to second degree sexual battery in violation of La.R.S. 14:42.2. Defendant also pled no contest to one count of illegal possession of stolen things worth more than $500 in docket number 27634-11 in exchange for dismissal of the theft of a motor vehicle charge. Defendant entered no contest pleas under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) in both cases.

Both cases were consolidated for sentencing purposes, and a full pre-sentence investigation by the Department of Corrections was ordered. Sentencing in both cases was set for December 7, 2012. At the sentencing hearing, after hearing extensive victim impact evidence on the second degree sexual battery charge, the district court sentenced Defendant to thirty-five years at hard labor without benefit of probation, parole, or suspension of sentence pursuant to La.R.S. 14:43.2. The trial judge then also sentenced Defendant to serve five years at hard labor for the conviction of possession of stolen property worth more than $500, to run consecutively to the second degree sexual battery charge, for an aggregate of forty years.

At the conclusion of the hearing, defense counsel made a general objection to the sentences, but did not state a basis for the objection. Defendant did not file a motion to reconsider sentence. Defendant now appeals his sentence for the illegal possession of stolen things worth more than $500, docket number 27634-11, alleging excessive sentence as his sole assignment of error. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

According to the bill of information filed, on or about March 12, 2010, Defendant purchased a motorcycle valued over $500 without a clear title or bill of sale. The State maintained that because the sellers could not provide proof of ownership, Defendant either knew or should have known that the motorcycle was the object of theft. Defendant gave a statement to the police detailing how he obtained the motorcycle. Defendant's rendition of the facts was included in the offense report, which the State summarized at sentencing:

> [Defendant] was told that Brian's Uncle Scooter had one[, a motorcycle,] for sale. Daryl [(Defendant)] said he was taken to a trailer house, and while driving down the driveway[,] there were two storage buildings. The storage buildings were open and inside one of the buildings was a motorcycle listed above. [sic]

> Defendant stated that he told the co-defendant, Draper, uncle by phone and that they wanted a thousand dollars for the motorcycle after talking to him. [sic] Defendant said he was told to leave the money under the mat on the front steps, which he did. He was never able to obtain a title, nor did he get a bill of sale for the motorcycle. The defendant said that Duncan, who is the co-defendant herein, was working on the motorcycle for him[,] and, therefore, [that is the basis of] the resulting charges for illegal possession. Really, he was charged initially with theft of the motor vehicle[,] and Count II was illegal possession of stolen thing[s].

On September 25, 2012, Defendant signed a plea agreement with the State and entered a no contest plea to possession of stolen property worth more than

$500.  In exchange, the State recommended a five-year sentence in docket number 27643-11, to run concurrently with Defendant's sentence to be imposed in docket number 1648-12 on the amended charge of second degree sexual battery. The State also agreed not to multi-bill Defendant and dismissed the theft of a motor vehicle charge.

Obviously, the more serious charge was aggravated rape, which was amended to second degree sexual battery. That charge resulted from incidents that occurred between June 1, 2011, and August 31, 2011, when Defendant and his girlfriend were babysitting a four-year-old female. The victim positively identified Defendant through a photographic lineup and through a distinctive tattoo on Defendant's genitals.  After hearing the factual reasons for the plea, defense counsel acknowledged that a reasonable jury could find Defendant had committed some sort of sex offense by touching the victim's genitals. Defendant then pled no contest pursuant to *North Carolina v. Alford* to second degree sexual battery.

Defendant's charge for possession of stolen things valued over $500 involved a 1999 Harley Davidson that Defendant had allegedly purchased for $1,000 on March 12, 2010.  The motorcycle was reported stolen April 12, 2010. On January 1, 2011, the Sulphur Police Department stopped one of the co-defendants while riding what appeared to be the stolen motorcycle. That co-defendant implicated Defendant.  Defendant maintained that he had no knowledge that the motorcycle was stolen and that he had purchased it legitimately for $1,000. Defendant said he had not been given a title or a bill of sale and had not registered the motocycle or obtained a title for it because it was inoperable when it was purchased.  The State pointed out that the motorcycle obviously was not in a state of ill-repair. The owners stated it was fully operable when stolen and that they had

3

maintained an insurance policy on the item. Once found, the motorcycle was returned to the owners, who had received an insurance settlement based on the theft. No restitution was ordered.

The State and Defendant agreed, as part of the plea agreement, that the sentence in this docket number 27634-11 for illegal possession of stolen things worth more than $500 was to run concurrently with the second degree sexual battery charge (docket number 1648-12), and Defendant would not be exposed to any habitual offender adjudication as a result of his plea. During the Boykin plea colloquy, the trial court stated, "[I]n light of all things considered, I don't see this being an issue where there's any compelling reason to run this consecutive to anything I would impose on the more serious charge." Thus, arguably, the trial judge accepted the plea agreement and agreed to run the charges concurrently. At sentencing, however, the judge imposed a consecutive sentence, arguably in violation of the plea agreement.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that his sentence is excessive because it was ordered to run consecutively instead of concurrently as agreed to in his plea agreement, which was accepted by the trial court when the plea was entered. He argues as follows:

> The trial court erred in ordering the sentence in this case to run consecutively to the sentence imposed in docket number 1648-12. The state's case was essentially that the defendant purchased a junked

4

motorcycle for $1,000, and that he should have known it was stolen because he left cash under a door mat.

## LAW AND ANALYSIS

Defendant claims that there was no criminal intent present for possession of stolen things worth more than $500 and that, at best, he was only guilty of a technical violation of the statute. Thus, he asserts that the consecutive running of his penalty is excessive. Defendant contends that the sentence was not individualized to his case and that the trial court did not consider the sentencing factors required under La. Code Crim.P. art 894.1. Defendant claims the trial court did not place adequate weight on the following mitigating factors: (1) Defendant pled no contest instead of pleading guilty; (2) the crime was non-violent; (3) no one was harmed; (4) reoccurrence is unlikely; (5) Defendant has two sons under the age of four; and (6) Defendant is a good father to his young sons. Defendant adds that the term of five years is also excessive and asks this court to vacate his sentence and remand it for a less severe concurrent sentence.

The State claims that, pursuant to La.Code Crim.P. arts. 881.1 and 841, Defendant is barred from seeking review of his sentence because he failed to file a motion to reconsider sentence setting forth the specific grounds for reconsideration. The State acknowledges that, at most, Defendant is entitled only to a bare excessiveness review in the interest of justice.

Alternatively, the State contends the trial court complied with the requirements of La.Code Crim.P. art. 894.1. Additionally, La.Code Crim.P. art. 883 provides that the possession of stolen things sentence should run consecutively with the second degree sexual battery penalty, unless the trial court specifies otherwise, because the offenses were separate acts, performed on separate dates,

5

had different victims, occurred at different places, and were not part of a common scheme or plan.

Review of the sentencing transcript shows that the trial court's reasons for sentencing focus entirely on Defendant's conviction for the more serious charge of second degree sexual battery. It appears that the State simply wanted a conviction on the lesser charge and had agreed to a concurrent sentence, as had the trial court when the plea was entered. The trial court stated no reasons at sentencing for imposing the sentence for possession of stolen things worth more than $500 consecutively rather than concurrently.

Under La.Code Crim.P. art. 881.1(E), Defendant is not entitled to a review of these claims because he failed to file a motion to reconsider sentence either verbally or in writing. Louisiana Code of Criminal Procedure Article 881.1(E) provides in pertinent part:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

However, this court may, in the interest of justice, review the five-year sentence for bare excessiveness. *State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981. This court has previously discussed the standard for reviewing excessive sentence claims in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331 (citations omitted), stating:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable

6

contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

Further, in reviewing excessive sentences, this court stated in *State v. Smith,* 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted):

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, it is well settled that sentences must be individualized to the particular offender and to the particular offense committed. Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge remains in the best position to assess the aggravating and mitigating circumstances presented by each case.

"[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

Defendant was convicted under the prior version of the possession of stolen things worth more than $500 statute, which stated in pertinent part: "Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both." La.R.S. 14:69(B)(1); 2010 La. Acts No. 585, § 1. Thus,

Defendant's five-year sentence is within the statutory sentencing range and is a mid-range penalty.

Additionally, the State is correct that, by operation of law, the two penalties would automatically run consecutively, unless expressly stated by the trial court that they are to run concurrently:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

La.Code Crim.P. art. 883. Therefore, Defendant's sentence is not excessive.

"Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense." *State v. Allen*, 45,040, p. 5 (La.App. 2 Cir. 1/27/10), 30 So.3d 1049, 1052. In *Allen*, the defendant pled guilty to being in illegal possession of a stolen Honda Civic valued more than $500. After reviewing the facts and noting that the defendant was married with a nine-year-old daughter, the sentencing court imposed six years at hard labor. *Id.* On appellate review, the second circuit found that, even without considering prior misdemeanors, the mid-range penalty did not constitute an abuse of discretion. The sentencing court did not impose a fine because of Defendant's contemporaneous plea to possession of marijuana, technically making defendant a second felony offender. In addition, Allen benefitted from the dismissal of a third charge in accordance with the provisions of his plea bargain. *Id.*

Therefore, Defendant, as in *Allen*, is also not entitled to relief under a bare excessiveness review. The issues of a broken plea agreement and/or ineffective assistance of counsel for failure to file a motion for reconsideration of sentence are not presently before this court and cannot be considered at this time.

## DISPOSITION

Defendant failed to preserve the broken plea agreement issue for appeal because he did not timely file a motion to reconsider sentence. Additionally, Defendant's sentence is within the statutory sentencing range and is a midrange penalty. Thus, Defendant is not entitled to relief under a bare excessiveness review. Accordingly, Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2—16.3.

9