STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-539

STATE OF LOUISIANA

VERSUS

JODY R. BALACH

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, DOCKET NO. 85196, DIV. C
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Annette Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Jody R. Balach

**Asa A. Skinner**
**District Attorney – Thirtieth Judicial District**
**Terry W. Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Jody R. Balach, pled guilty to illegal possession of stolen things valued at more than $1,500.00, a violation of La.R.S. 14:69(B)(1). As part of the plea agreement, the State dismissed two other pending charges (one a felony and one a misdemeanor) against Defendant and agreed not to pursue habitual offender enhancement. Defendant was sentenced to serve eight years at hard labor and pay a fine of $1,000.00 plus court costs.[1] Defendant's Motion to Reconsider Sentence was denied. He appeals, alleging excessive sentence. For the following reasons, we affirm Defendant's sentence.

## FACTUAL BACKGROUND

At Defendant's guilty plea hearing, the State presented the following factual basis:

> [O]n or about April 30th, 2013, defendant did have in his possession, along with another defendant, certain property belonging to Mr. Jeane, which he had good reason to believe was stolen property. My understanding is that property was also subject of a theft, and he had -- would have had reasonable knowledge that the items were stolen property, and had a value of approximately $1800.

According to Detective Misti Bryant's interview with Defendant, Defendant admitted to the illegal possession of various stolen items, including a two-ton jack, three tackle boxes, a battery charger, a wet tile saw, and fishing rods and reels. The owner, Carlton R. Jeane, signed an affidavit stating the value of the items was $1,770.00, based on their purchase prices. Defendant sold the items to Harvey's Auto Parts in Vernon Parish.

---

[1]On the same day, before the same judge, Defendant also pled guilty to two counts of theft of a motor vehicle valued at more than $500.00 but less than $1,500.00 under docket number 84717. He was sentenced to five years at hard labor plus a fine of $1,000.00 and court costs on each count. The trial court ordered all sentences to run concurrently.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

Defendant contends his sentence is excessive, constitutes cruel and unusual punishment, and violates federal and state constitutions. This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Defendant was exposed to a sentence of up to ten years with or without hard labor and/or a fine of up to $3,000.00 for his conviction of illegal possession of stolen things. La.R.S. 14:69(B)(1). Thus, his eight year sentence was toward the high end of the sentencing range and one-third of the possible fine for the offense.

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes

may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[; however,] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray*, 423 So.2d 1116 (La.1982); *State v. Keeney*, 422 So.2d 1144 (La.1982); *State v. Duncan*, 420 So.2d 1105 (La.1982)). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

In this case, we note that the trial court was in error in considering Defendant's circumstances. At the plea hearing, Defendant testified he had eleven years of education and was employed as a moving contractor by Shapkoff Moving and Storage before his incarceration. He also stated that he has epilepsy and had taken medication for that condition about two months before the hearing and that he had "a doctor's appointment lined up now for it" at the time of the plea hearing.

At sentencing, the trial court judge noted his consideration of the factors of La.Code Crim.P. art. 894.1 and commented that Defendant "apparently is in excellent health." He stated that he had "no information about any kind of employment record" and noted Defendant had a tenth grade education. The trial court judge's statements are incorrect, and it relied on misinformation in crafting Defendant's sentence. However, Defendant's appeal only contends that his sentence is excessive, not that it is based on incorrect facts. Therefore, we do not

3

consider those factual errors in its review of Defendant's appeal. Uniform Rules—Courts of Appeal, Rule 1–3.

The defendant in *State v. Pitts*, 08-1148 (La.App. 3 Cir. 4/1/09), 6 So.3d 976, pled guilty to illegal possession of stolen things over $500.00 regarding the theft of oilfield barges. He was sentenced to nine years at hard labor. As part of the plea bargain, the State agreed not to charge him as a habitual offender. On appeal, he argued his sentence was excessive because he helped authorities discover the involvement of others in the crime. The district attorney submitted a letter recommending a suspended sentence. The trial court considered the defendant's past four felony convictions for receiving stolen things, simple burglary, and unauthorized entry and two misdemeanor convictions for driving while intoxicated. The defendant also had a juvenile record. The trial court noted no arrests resulted from the defendant's cooperation.

This court in *Pitts* determined the defendant's sentence was based on his lengthy criminal history, not on the lack of results from his cooperation. This court also noted the defendant gained a significant benefit from the State's agreement not to charge him as a multiple offender and expose him to a much longer sentence. The defendant's sentence was affirmed.

In *State v. Allen*, 45,040 (La.App. 2 Cir. 1/27/10), 30 So.3d 1049, the defendant pled guilty to illegal possession of stolen things over $500.00 and possession of marijuana. His criminal history included misdemeanor convictions for evading arrest, unlawful carrying of a weapon, and possession of marijuana, along with a felony conviction for aggravated robbery. The thirty-eight-year-old defendant was married and had a four-year-old daughter. The second circuit affirmed his sentence of six years at hard labor with no fine.

4

In the instant case, the trial court judge noted that Defendant "is considered as a third offender classification" and that he has a prior criminal history of "Possession of Marijuana with Intent and ordered to serve seven years, which was suspended. That probation was ultimately revoked. In 2008, he pled guilty to the offense of Attempted Possession of Alprazolam, was given a two and one-half year sentence, and that probation was revoked." Additionally, Defendant, in his companion case, pled guilty to two counts of motor vehicle theft on the same day as his plea in this matter. The trial court judge did not believe Defendant was eligible for probation or "that he would respond favorably to any probationary treatment anyway." The trial court judge also noted that Defendant was thirty-two years old at the time of sentencing, that he had four children, and that he had received treatment for his prior drug and alcohol abuse.

Defendant contends he received limited benefit from his plea bargain because the dismissed charges involved the same stolen items involved in this conviction. However, the State also waived its right to charge Defendant as a habitual offender. As a third felony offender, Defendant could have been sentenced to a term of eighty months to twenty years and/or a fine of $2,000.00 to $6,000.00. La.R.S. 15:529.1(A)(3)(a). Even though his eight-year sentence exceeds the minimum term he could have received as a multiple offender, he faced a potential exposure of a significantly longer term and a significantly higher fine. Defendant clearly received substantial benefit from his plea bargain.

We find that the trial court did not abuse its broad sentencing discretion in imposing this sentence. Defendant had two prior felony convictions and did not successfully complete his probation in either matter. The trial judge, best able to particularize the sentence, believed Defendant would not respond well to

5

probation, and a lesser sentence would deprecate the severity of Defendant's conduct. Defendant's assignment of error lacks merit.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**